UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :     08cr00429-06 (DLC)
                                        :
            -v-                         :     OPINION AND ORDER
                                        :
LIDIA PEREZ,                            :
                                        :
                      Defendant.        :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

       On April 6, 2012, Lidia Perez ("Perez") was sentenced
principally to a term of imprisonment of 84 months.  Based on an
offense level of 37 and Criminal History Category I, her
Guidelines range was 210 to 262 months.  On August 25, 2016,
Perez filed a petition pursuant to 28 U.S.C. § 2255 seeking
resentencing.  She contends that she is entitled to receive the
benefit of Amendment 794 to the Sentencing Guidelines, U.S.S.G.
App. C. Amend. 794 (effective November 1, 2015).  The Amendment
revised the commentary to U.S.S.G. § 3B1.2, which provides for
mitigating role adjustments.  Perez relies on a Ninth Circuit
decision interpreting the Amendment to apply retroactively,
United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir.
2016).  For the following reasons, supplemental briefing is
ordered on the issues discussed below.

**BACKGROUND**

On December 13, 2011, Perez pleaded guilty to conspiring to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) pursuant to a plea agreement (the "Agreement"). The guidelines calculation in the Agreement reflected participation in a conspiracy to distribute over 30 kilograms of heroin, and possession of a firearm in connection with the offense.  In the Agreement, the Government agreed to accept a plea to the lesser-included 21 U.S.C. § 841(b)(1)(B) offense to satisfy the Indictment's § 841(b)(1)(A) charge, which would have included a mandatory minimum term of imprisonment of ten years. In addition to a stipulation that the correct guidelines range was 210 to 262 months, the Agreement included the defendant's waiver (1) of the right to seek a downward departure from the stipulated guidelines range, and (2) of her appellate rights in the event the sentence imposed was within or below the guidelines range of 210 to 262 months' imprisonment.  Perez did not appeal her sentence, and has not filed any prior motions pursuant to 28 U.S.C. § 2255.  On October 21, 2015, the Court denied Perez' motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, which reduced the penalty for certain drug offenses where the guideline range is calculated using § 2D1.1 of the Guidelines.

2

**DISCUSSION**

A petition for relief under § 2255 is proper only when it alleges that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  See also Hill v. United States, 368 U.S. 424, 428 (1962) (discussing types of errors cognizable under a writ of habeas corpus).  The Supreme Court has held that post-sentencing changes in policy do not support a collateral attack on the original sentence under § 2255.  United States v. Addonizio, 442 U.S. 178, 186-87 (1979) (actions taken by Parole Commission subsequent to sentencing do not provide a basis for § 2255 relief); Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998) (clarifying amendment to the guidelines does not constitute the "complete miscarriage of justice" necessary to support a § 2255 petition); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996) (same); cf. Simon v. United States, 359 F.3d 139, 145 (2d Cir. 2004) (district court erred in converting motion pursuant to 18 U.S.C. § 3582(c) for resentencing into petition for writ of habeas corpus).

The relief Perez seeks is beyond the scope of a habeas petition, and so the Court could deny the petition on that

ground, but courts "should liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Harris v. Miller, 818 F.3d 49, 56 (2d Cir. 2016) (citation omitted). Section 3582(c)(2) of Title 18 empowers a court to modify a sentence imposed pursuant to the Guidelines in light of subsequent amendments that would have lowered the applicable sentencing range had they been in effect at the date of sentencing. 18 U.S.C. § 3582(c)(2). The United States Sentencing Commission (the "Commission") has opined that "[t]he proper vehicle for seeking a sentence reduction pursuant to an amendment to the guidelines given retroactive application by the Commission is a motion to reduce sentence pursuant to 18 U.S.C. § 3582." U.S.S.G. Commission, Office of General Counsel, Retroactivity: Procedural Issues 15 (Aug. 2014). Accordingly, this Court will construe the motion as a motion for resentencing pursuant to § 3582.

Section 3B1.2 of the Sentencing Guidelines instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. U.S.S.G. § 3B1.2. Amendment 794 left the text of

4

§ 3B1.2 unchanged, but made various revisions to the commentary because the Commission found that minor role reductions were being "applied inconsistently and more sparingly than the Commission intended."  U.S.S.G. App. C. Amend. 794.  The Commission also amended the commentary to resolve a circuit split, clarifying that the relevant comparison for a minor role reduction was between the defendant and other actual participants in the crime.  Id.

The commentary to § 3B1.2 had provided that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant."  The Amendment inserted after "substantially less culpable than the average participant" the following phrase: "in the criminal activity."  U.S.S.G. § 3B1.2, comment. n.3(A).  The Amendment introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment,[1]

---

[1] The factors are: "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity."  U.S.S.G. § 3B1.2. comment. n.3(C)

and also provided that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."  Id. n.3(C).

"[A] defendant sentenced under one version of the Guidelines may be given the benefit of a later revision if the revision represents not a substantive change but merely a clarification of the United States Sentencing Commission's prior intent."  United States v. Sabbeth, 277 F.3d 94, 96 (2d Cir. 2002) (citation omitted).  The Ninth Circuit, in United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), held that Amendment 794 applied retroactively to direct appeals[2] because it was a clarification of the Guidelines, not a substantive change. Id. at 523.  Quintero-Levya, unlike Perez, had argued for and been denied a minor role reduction at the time of the sentence. Id. at 522.  The Ninth Circuit remanded for resentencing in that case because it was unclear from the record whether the district court, in denying the minor role reduction, had considered all of the factors now listed in U.S.S.G. § 3B1.2.

---

[2] The Ninth Circuit explicitly declined to reach the issue of whether a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings in order to make this challenge.  Id. at 520 n.1.

6

The question of retroactivity of Amendment 794 is a matter of first impression in this circuit.[3]  It appears, however, that the Amendment should be given retroactive effect.  "While there are no absolutely clear lines of demarcation between a substantive and clarifying amendment, the following are important factors in the relevant inquiry: (1) the language of the amendment; (2) its purpose and effect; and (3) whether the guideline and commentary in effect at the time of sentencing is consistent with the amended sentencing manual."  United States v. Brooks, 732 F.3d 148, 149 (2d Cir. 2013) (citation omitted).

First, the Guidelines Manual is silent as to whether Amendment 794 is a substantive or clarifying amendment.  The Amendment does not change the actual text of § 3B1.2.  It revises the commentary, which is more consistent with a clarification than a substantive change.  See United States v. Mapp, 990 F.2d 58, 61 (2d Cir. 1993) (amended commentary to sentencing guidelines applied retroactively).

A stated purpose of the Amendment is to resolve a circuit split.  The Seventh and Ninth Circuits interpreted the "average participant" to mean only those persons who actually participated in the criminal activity at issue in the

---

[3] The First and Fifth Circuit both considered but declined to reach the issue, concluding that it would provide no benefit to the defendant.  United States v. Gomez-Valle, No. 15-41115, 2016 WL 3615688, at *5 (5th Cir. July 5, 2016); United States v. Morosco, 822 F.3d 1, 24 (1st Cir. 2016).

defendant's case, while the First and Second Circuits concluded that the "average participant" also includes typical offenders who commit similar crimes.  See, e.g., United States v. Rahman, 189 F.3d 88, 159 (2d Cir. 1999).  The Amendment is therefore inconsistent with prior Second Circuit precedent.  In United States v. Gonzalez, 281 F.3d 38 (2d Cir. 2002), the Second Circuit concluded that an amendment to the Guidelines intended to resolve a circuit split was clarifying and entitled to retroactive effect, at least where the amendment did not create a "more severe or more onerous" sentencing regime.  Id. at 46. The amendment at issue in Gonzalez applied the "aberrant behavior" downward departure.  Id.

Comparing this amendment with those that have been found to be substantive, the Amendment does not, for example, change a base offense level or the size of a sentencing enhancement. See, e.g., Brooks, 732 F.3d at 149 (Amendments 748 and 750, which reduced the defendant's base offense level calculation, "plainly effected a substantive change in the law rather than merely clarified the Commission's prior intent"); United States v. Amico, 573 F.3d 150, 150-51 (2d Cir. 2009) (per curiam) (2001 Guidelines amendment that changes an unambiguous provision by decreasing an enhancement relevant to fraud offenses from four to two levels was substantive rather than clarifying).

8

For these reasons it appears that Amendment 794 should be applied retroactively.  Whether Perez may benefit from the retroactive application of Amendment 794, however, requires further analysis.

## Conclusion

The August 25, 2016 petition filed by Perez will be construed as a motion pursuant to § 3582(c)(2).  The Government, petitioner, and the U.S. Probation Department will be given an opportunity to address the analysis set forth in this Opinion and Perez' request to benefit from Amendment 794 to the Guidelines.


Dated:    New York, New York
          September 14, 2016

                              _____
                                      DENISE COTE
                         United States District Judge

9