```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :   08cr00429-06 (DLC)
                                         :
            -v-                          :   MEMORANDUM OPINION
                                         :        AND ORDER
LIDIA PEREZ,                             :
                                         :
                  Defendant.             :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On April 6, 2012, Lidia Perez ("Perez") was sentenced principally to a term of imprisonment of 84 months, despite a guidelines range of 210 to 262 months. On August 25, 2016, Perez filed a petition pursuant to 28 U.S.C. § 2255 seeking a minor role adjustment and sentence reduction, arguing that she is entitled to receive the benefit of Amendment 794 to the Sentencing Guidelines, U.S.S.G. App. C. Amend. 794 (effective November 1, 2015), which the Ninth Circuit has applied retroactively in the context of a direct appeal. See United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016).

The petition is construed as a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). United States v. Perez, No. 08CR00429-06 (DLC), 2016 WL 4775536 (S.D.N.Y. Sept. 14, 2016). The Court ordered that the Government and Probation Department submit briefs by October 20 as to whether the petition should be treated as a § 3582(c)(2) motion, whether Perez may obtain post-

conviction relief pursuant to this motion, and whether Perez is otherwise entitled to benefit from the retroactive application of Amendment 794. Perez' response, if any, was due by December 2. She has not submitted any response.

For the reasons explained in United States v. Morales-Perez, No. 11cr00881-01 (DLC), 2016 WL 6426394 (S.D.N.Y. Oct. 27, 2016), the motion is denied. The Guidelines Manual lists the amendments that the Sentencing Commission has decided shall be applied retroactively, and Amendment 794 is not listed. U.S.S.G. § 1b1.10(d). Therefore, the Court has no authority to reduce Perez' sentence under § 3582(c)(2). Further, Quintero-Levya addressed Amendment 794 in the context of a direct appeal, and is therefore inapposite to a case not on direct appeal. See Morales-Perez, 2016 WL 6426394, at *2. Accordingly, it is hereby

ORDERED that Perez' August 25 motion for a sentencing reduction pursuant to Amendment 794 and § 3582(c)(2) is denied.

IT IS FURTHER ORDERED that Perez has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any

appeal from this Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

Dated: New York, New York
December 19, 2016

_____
DENISE COTE
United States District Judge